JAMES H. MASSEY and ROBERT J. FLEETWOOD, trading as MASSEY AND FLEETWOOD *vs.*. GREENABAUM BROTHERS.

*Assumpsit—Contract Executed—Performance—Common Counts— Recovery Thereon—Pleading.*

It is a general rule (subject to certain exceptions) that a party cannot recover in an action upon a contract, without showing performance of his part of the contract; but in an action upon the common counts for goods sold and delivered, for money paid for the use of the defendant, and for work and labor, when the contract is executed, and nothing further remains to be done on the part of the plaintiff, he may sue and recover upon the common counts.

*(April 12, 1904.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert C. White* for plaintiffs.

*Charles F. Richards* for defendants.

Superior Court, Sussex County, April Term, 1904.

ACTION OF ASSUMPSIT.

The facts appear in the charge of the Court.

SPRUANCE, J., charging the jury:

It appears from the evidence on behalf of both the plaintiffs and the defendants, that sometime in the early part of September, 1901, an agreement was entered into between the plaintiffs, who were merchants and dealers in fruits and vegetables at Cannon, in this county, and the defendants, who were canners and packers at Seaford, by which it was agreed that the plaintiffs should purchase for the defendants and ship to them tomatoes during the season, for which service the defendants should pay to the plaintiffs two cents per basket.

There is a conflict of testimony as to the date and some of the terms of this agreement.   The defendants contend that the agreement was made on September fourth, and the plaintiffs insist that it was made on or about the tenth of September.

The defendants claim that the plaintiffs engaged to buy tomatoes for the defendants only—while the plaintiffs claim that there was no such restriction, and that they were at liberty to buy for themselves as well as for any other persons.

These and all other questions of fact are to be determined by you according to the weight of the evidence.

After the making of said agreement, the plaintiffs, on different days, purchased for the defendants and shipped to them, two car loads of tomatoes for which satisfactory settlement was made.

Afterwards the defendants sent to the plaintiffs the following letter, dated September 10 and received the next day.

" Gentlemen :

" Do not engage any tomatoes ahead for us but only buy from day to day, not over two car-loads per day, unless ordered otherwise ; and if we find that we are overcrowded with tomatoes we will give you one day's notice not to buy any more for us until we give you further orders.

"No doubt tomatoes will be lower, and we want them bought at the lowest market price.

" Your attention will oblige.

" GREENABAUM BROS."

On September 11, the defendants sent to the plaintiffs the following telegram, which was received at 9.06 A. M. on the same day :

" Baltimore market off.   Do not pay over twenty-five cents.

" GREENABAUM BROS."

The plaintiffs claim, that after the receipt of this telegram, and before receiving any further communication from the defend-

ants, they purchased for the defendants two car-loads of tomatoes at twenty-five cents per basket, and shipped the same to the defendants on September 12.

On September 13, the defendants sent to the plaintiffs the following telegram, which was received at 10 A. M. on the same day:

"Under no circumstances pay over twenty cents to-day for tomatoes.

"GREENABAUM BROS."

The plaintiffs claim that, after the receipt of this second telegram and before receiving any further information from the defendants, they purchased for the defendants one car-load of tomatoes at twenty cents per basket, loaded them on the cars and billed the same to these defendants.

Afterwards on the same day—September 13—the defendants refused to accept any of those three car-loads of tomatoes, and notified the plaintiffs to make no further purchases on their account.

At the time of this refusal and notification the two car-loads first purchased and shipped were on the way to, or had arrived at Seaford, and the car-load last purchased had not left Cannon.

The defendants refusing to accept or pay for any of said three car-loads of tomatoes, the plaintiffs shipped them to Baltimore for sale, and realized from them the net sum of $50.55.

This action is brought by the plaintiffs to recover the price of the first two car-loads at twenty-five cents per basket—and the price of the third car-load at twenty cents per basket—and compensation for their services at the rate of two cents per basket—amounting (after deducting the amount realized from said sale in Baltimore), to the sum of $483.83, on which interest is claimed from September 14, 1901.

The defendants justify their refusal to accept and pay for these three car-loads of tomatoes, upon the ground, as they allege, that the plaintiffs in violation of their alleged contract, purchased

tomatoes for other persons than the defendants, and that the plaintiffs cannot recover unless they have in this and all other respects complied with their agreement.

It is a general rule (subject to certain exceptions) that a party cannot recover in an action upon a contract, without showing performance of his part of the contract—but this is not an action upon a contract, but is an action upon the common counts for goods sold and delivered, for money paid for the use of the defendants, and for work and labor.

It is a settled rule of law that when the contract is executed, and nothing further remains to be done on the part of the plaintiff, he may sue and recover upon the common counts.

If from the evidence you are satisfied that the plaintiffs, in compliance with the terms of their agreement, and the instructions of the defendants, purchased these tomatoes and shipped them to the defendants, they are entitled to recover in this form of action.

If you are satisfied from the evidence that the plaintiffs did agree to buy for the defendants only—and that the plaintiffs did buy for other persons, and this fact was known to the defendants—and they failed to repudiate the contract on that ground until after these purchases and shipments were made by the plaintiffs, this would be a waiver of the right to make objection on that ground so far as these purchases and shipments were concerned.

Verdict for plaintiffs for $558.25.